UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ANTHONY UKOFIA,

       Petitioner,

v.

DEPARTMENT OF
HOMELAND SECURITY,

       Respondent.

Civil No. 08-4778 (PJS/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. (Doc. No. 1.) The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

**I.   BACKGROUND**

Petitioner is an inmate at the Sherburne County Jail in Elk River, Minnesota. Although Petitioner has not clearly explained why he is currently being detained, his petition indicates that he has "been ordered removed to [his] country." (Attachment to Petition, p. 2.)  This clearly suggests that Petitioner is an alien who is currently being held by federal immigration authorities, pending the finalization and consummation of an Immigration Judge's order directing that he be removed from the United States.

Petitioner is presently attempting to challenge the validity of the removal order that has been entered against him.  He claims that he was not given proper notice of the removal proceedings brought against him, and as a result, he was deprived of his constitutional right to due process.  (See Petition, p. 3, ¶ 9; Attachment to Petition, p. 2.)  Petitioner is now seeking a writ of habeas corpus that would vacate his removal order, and, concomitantly, cause him to be immediately released from custody.[2]  (Attachment to Petition, p. 3.)  However, the Court finds, for the reasons discussed below, that this case must be summarily dismissed for lack of jurisdiction.

**II.   DISCUSSION**

Since the enactment of REAL ID Act in 2005, "district courts no longer have habeas jurisdiction to review final orders of [removal]." Tostado v. Carlson, 481 F.3d

---

[2] Petitioner has not suggested that he should be released from custody for any reason apart from the alleged invalidity of his removal order.

1012, 1014 (8th Cir. 2007). "Pursuant to § 106 of the REAL ID Act, [8 U.S.C. § 1252(a)(5)], <u>a petition for review to the courts of appeal is the exclusive means of review of an administrative order of removal</u>, deportation, or exclusion." Id. (emphasis added).

The exclusive remedy rule of the REAL ID Act is clearly applicable here, because Petitioner is directly challenging the validity of his removal order. As noted above, Petitioner claims that his removal order is invalid because he was deprived of his right to due process during his removal proceedings. That claim, however, cannot be entertained in a habeas corpus action filed in a federal district court. <u>Haider v. Gonzales</u>, 438 F.3d 902, 910 (8th Cir. 2006) (district court correctly concluded that alien could not challenge his removal order, based on alleged "lack of notice," in a habeas corpus proceeding); <u>Codina v. Chertoff</u>, No. 07-2422 (8th Cir. July 24, 2008), 2008 WL 2831993 (unpublished opinion) at *1 (to the extent that habeas petitioner "challenged her detention based on alleged procedural and clerical flaws in her removal proceedings, it essentially challenged her removal order, which the district court lacked jurisdiction to review in a habeas proceeding").

Ordinarily, when an alien improperly attempts to challenge a removal order by filing a federal habeas corpus petition in district court, the case will be transferred to the apposite federal circuit court of appeals. <u>Tostado</u>, 481 F.3d at 1014. However, the circuit courts can only review removal orders that have become <u>final</u> upon the completion of the administrative review process. See <u>Bah v. Mukasey</u>, 521 F.3d

857, 859 (8th Cir. 2008) (Court of Appeals lacked jurisdiction over alien's claim that constitutional errors occurred during removal proceedings, because no final order of removal had yet been entered).  See also 8 U.S.C. § 1252(d)(1) (2000) ("A court may review a final order of removal only if the alien has exhausted all administrative remedies"); Kimumwe v. Gonzales, 431 F.3d 319, 323 (8th Cir. 2005) (Court of Appeals declines to consider alien's "contentions that he was denied due process in the hearing before the Immigration Judge, because he failed to present those issues in an appeal to the BIA"); cf. Tostado, 481 F.3d at 1014 ("any habeas corpus petition pending in the district court in which an alien challenges a final administrative order of removal, deportation, or exclusion must be transferred by the district court to the appropriate court of appeals") (emphasis added).

Here, it plainly appears that Petitioner's removal order is not yet final, because he has not yet completed the administrative review process.  The present petition shows that Petitioner has submitted "NOTICE OF APPEALS," but he is still waiting for a response from the Board of Immigration Appeals.  (Attachment to Petition, p. 1.)  Moreover, Petitioner has candidly acknowledged that there still are administrative remedies available for his current claims for relief, which have not yet been exhausted.  (Petition, p. 5, ¶ 17.)

Because Petitioner has not yet exhausted his administrative remedies for the claims that he is attempting to bring in this action, his removal order is not yet final.  Therefore, the Court of Appeals would lack jurisdiction to review Petitioner's current

claims for relief at this time. For this reason, the Court will <u>not</u> recommend that the present case be transferred to the Eighth Circuit Court of Appeals, (even though that normally would be the proper disposition of a habeas petition that is barred by the REAL ID Act). Instead, the Court will recommend that the present action simply be dismissed, for lack of jurisdiction.[3]

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

This action be summarily dismissed for lack of jurisdiction.

Dated: July 31, 2008

    s/ *Jeanne J. Graham*
    JEANNE J. GRAHAM
    United States Magistrate Judge

## NOTICE

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **August 14, 2008**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.

---

[3] Needless to say, the Court has formed no opinion about the potential merit of Petitioner's current claims for relief, and the dismissal of the present habeas corpus petition, by itself, should not preclude Petitioner from continuing to challenge his removal order administratively, and, if necessary, in some future judicial proceeding in which the court has jurisdiction over Petitioner's claims.